ABELARDO MARTINEZ, an Infant Suing by His Father and Natural Guardian, José Martinez,

*v.*

THE PAUL TAYLOR BROWN COMPANY.

---

San Juan, Law, No. 918.

ON MOTION FOR NEW TRIAL.

Practice—Translation.

1. In the Federal district court for Porto Rico, proceedings, including affidavits in aid of new trial, must be translated, or they cannot be considered.

New Trial—Newly Discovered Evidence.

2. Upon application for a new trial on the ground of newly discovered evidence, it must be shown that the evidence sent up is newly discovered, could not have been discovered by due diligence in time for the first trial, and that it would probably affect the result of the new trial if granted.

Surprise—Testimony of Witness.

3. The fact that a witness going on the stand testifies differently from what he was expected to testify may cause surprise to counsel, but is not of itself a ground for granting a new trial, if there is otherwise evidence of what he was introduced to prove.

Court—Jury.

4. The weight of the evidence is for the jury; and that the court might not have rendered the same decision as the jury on the question of fact is not of itself ground for a new trial.

Martinez v. The Paul Taylor Brown Co.

Practice—Intimidation.

> 5. Intimidation, by one party, of a witness who is not used by the other party, is not ground for granting a new trial, but the matter will be investigated by the court.

Opinion filed December 9, 1913.

———

*Mr. Henry G. Molina* for plaintiff.

*Messrs. O. M. Wood* and *E. B. Wilcox* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. This is a motion for a new trial, based on several grounds. One is surprise, another, newly discovered evidence, and perhaps there are other points. The court has listened with interest to the affidavits for the applicant and the argument of counsel, and would state that it has decided to sustain the objection as to the affidavits read by counsel for the plaintiff, on account of their not being translated. The court sustains that objection, and rules out those affidavits. The court wished to hear them first to see whether they were material or not.

2. Eliminating them, the question comes up whether there has been presented to the court any newly discovered evidence that would affect the result. One could easily present new evidence, but there must be at least two elements involved. It must be newly discovered, and it must be shown that it would probably affect the result. In the second place there must have been diligence in finding that evidence. This is the second trial of the case. The evidence was very much the same in

Martinez v. The Paul Taylor Brown Co.

both trials. The defendant certainly knew who its employees were, and these affidavits seem to be to some extent affidavits. of employees. Whether the counsel knew it or not is not material, as counsel is not on trial. It is the parties. The court does not think that due diligence is shown in presenting the new evidence. Application could be made, in any trial whatever, that there is more evidence. Due diligence has not been shown. Furthermore, after listening carefully to them, it seems to the court that the affidavits are essentially cumulative. There was ample evidence before the jury that Gregorio Rexach was not the foreman. As to whether the jury would believe it, or would not believe it, is not for the court to pass on. There was positive evidence that he was not, and there was a good deal of .circumstantial evidence tending to show that he acted as such; and the court left it to the jury to determine the fact whether, for the purposes of this case, he was a foreman, or whether he was not a foreman; and the jury decided that he was. The court does not see, therefore, that these affidavits present anything except cumulative evidence, some additional evidence; and, as there are six or eight witnesses on the question already, two or three more would not change the result, at least should not change the result. That ground, therefore, is overruled.

3. Another ground is that of surprise, and the court does not doubt that the attorney for the defendant was surprised that the witness who had made an affidavit one way should come in and testify positively the other way on the stand. But it went to the jury with this contradiction existing, and what would be the result if the court granted a new trial, so far as relates to this matter of surprise? The surprise in the mind

VI. Porto Rico—28.

·Martinez v. The Paul Taylor Brown Co.

of the court did not influence the decision of the jury. If that witness had not been introduced, the evidence on each side would have been the same as now. The witness eliminated himself, and the court does not see that there would be any-thing gained by going into a new trial so far as concerns this particular witness.

4. So that, on the whole, the court cannot see that there is any ground for granting a new trial. The court does not say that it would have done the same as the jury did. It is not neces-sary for the court to say as to that, but there is a practice among all courts, which this present judge is trying to carry out, that, where the jury determines matters of fact the court will not interfere, unless there is new evidence or surprise, or something else which would change the result; because otherwise we would never know when we are through with a case. The court cannot see that there would be a different result in this case. It always regrets that one party loses a case, but it does not see how it can arrange proceedings so that both parties can win. The case was well presented. The court listened to it with pleasure. It was a pleasure to see how the disagreements of witnesses were handled. Upon the whole, the court feels compelled to deny the motion.

5. Quite apart from the question of a new trial, the affidavit tending to show intimidation of a witness impressed the court very much. That is to say, not as affecting the result in that particular case, but that there should be any intimidation at-tempted is a matter that the court will not tolerate in any case. In this particular case, according to the affidavit, the intimida-tion, if it existed at all, was of a witness who seems to have come to the court, but, nevertheless, did not testify; so that

the court cannot see that, even if true, it affected the result of this case one way or the other. The matter does not seem to be material upon the question of this motion for a new trial, but is material in another direction as affecting the course of justice, and the court has referred the matter to the district attorney for investigation in that respect.